MINERVA AND ARCHIBALD WOODS *v.* EMMA WOODS.

**Wills—Estate in Fee—Defeasible Upon Dying Without Child.**

"In the event of the death of my son John without children, then, in that event, after the death of my son John's wife, whom I will and desire shall enjoy and have the use of said property during her life, I will all of said estate of any kind and description to my four grandchildren, share and share alike."

Held, that as John died leaving a son, the contingency upon which the devise over of a life estate to appellee had not happened. John took the estate in fee simple.

### APPEAL MERCER CIRCUIT COURT.

April 29, 1872.

OPINION BY JUDGE LINDSAY:

Appellee, who is the widow of Dr. John T. Woods, deceased, bases her claim to the possession of the realty in controversy upon the following condition annexed to an estate therein devised to her said husband by the third clause of the will of his father, Archibald Woods, deceased. "In the event of the death of my son John without children, then, and in that event after the death of my son John's present wife, whom I will and desire shall enjoy and have the use of said property during her life, I will all of said estate of any kind and description to my four grandchildren, share and share alike."

Dr. Woods took under this will an estate in fee in the lands, defearable upon his dying without a child or children living at the time of his death. It appears from the appellees petition that he did not die childless, but left one son, the defendant, Henry Woods. The contingency therefore upon which the devise, over of a life estate to appellee, and remainder in fee to the four grandchildren of the testator, has not happened. We are of the opinion that the testator did not intend that appellee should take the life estate unless his son John died without children. Such a devise over is wholly incompatible with an estate in fee simple and it is plain that John took an estate of that kind, to be defeated only by his dying without a child living at the time of his death. Appellee is entitled to dower in the lands, and to nothing more. The judgment is therefore reversed and the

cause remanded for further proceedings consistent with this opinion.

*Hardin, Gaither, for appellants.*

*Polk, for appellee.*